IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEAN PRICE, individually and as Executrix of the Estate of George Price, deceased: | : | |
| | : | THE HONORABLE |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| DELAWARE RIVER AND BAY AUTHORITY, | : | CIVIL ACTION - - LAW |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**COMPLAINT**

AND NOW COMES, the Plaintiff, Jean Price, individually and as Executrix of the Estate of George Price, Deceased and by and through her attorney, Joseph M. Blazosek, Esquire, hereby complains of the above-named Defendant, Delaware River and Bay Authority more particularly as follows:

**I. PARTIES**

1. Plaintiff, Jean Price, is a competent adult individual currently residing at 108 Garfield Street, Nanticoke, Luzerne County, Pennsylvania and was and at all times relevant and material hereto, the wife of George Price, an adult individual who died on September 10, 2002.

2. Plaintiff, Jean Price, is a competent adult individual currently residing at 108 Garfield Street, Nanticoke, Luzerne County, Pennsylvania and is, and at all times relevant and material hereto the Executrix of the Estate of George Price, deceased, having been duly appointed in Luzerne County, Pennsylvania, to Estate No. 1866 of 2002.

3. The Defendant, the Delaware River and Bay Authority is a duly

created Authority established by compact between the States of Delaware and New Jersey having a mailing address at Post Office Box71, New Castle, Delaware, 19720, which is located within the geographic area encompassing the United States District Court of Delaware.

## II. JURISDICTION AND VENUE

4.     This action is brought pursuant to 18 USC §1332 and common law, and is a civil action, seeking damages against the within named Defendant for wrongful death and bodily injury to Plaintiff's decedent, George Price and in her right for loss of consortium.

5.     The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332.

6.     The Plaintiff is a resident of Pennsylvania as was her late husband, George Price at the time of injury and the Defendant is an entity having statutory existence in the State of Delaware pursuant to 17 Del C. § 1701 et seq. and has its principal place of business in the State of Delaware thereby establishing a basis for jurisdiction founded on diversity or citizenship and amount.

7.     This is also a case of admiralty and maritime jurisdiction, as hereinafter more fully appears.

8.     The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

9.     Venue is proper in this judicial district pursuant to 28 USC § 1391, because the Defendants principal place of business is in this State and in this judicial district, and because the events complained occurred in territorial waters

within the United States.

10.    In June, 2002 the Plaintiff, Jean Price and her now deceased husband, George Price traveled to the New Jersey - Delaware Shore area as part of a tour arranged for and on behalf of the Firwood Senior Citizens Club from Wilkes Barre, Pennsylvania.

11.    As part of that tour group, the Plaintiff and Plaintiff's decedent were passengers on the Cape May Ferry Boat on June 5, 2002 which was then owned, operated and under the control of the Defendant.

12.    Plaintiff and Plaintiff's decedent boarded the ferry on June 5, 2002 from the Lewes Delaware Terminal # 2 berth and were passengers for hire but did not receive a boarding ticket from Defendant but were admitted onto the boat as part of the Firwood Tour Group.

13.    While lawfully on the boat, which was then and there in navigable waters, Plaintiff and Plaintiff's decedent on June 5,2 002 were walking in the boat from the outside deck toward the area of the boat known as the Bayview Lounge.

14.    Plaintiff's decedent was walking in front of her and in her view, he lifted his foot to traverse an elevated door sill into the Bayview Lounge and then and there was caused to lose his balance and fall forwarding causing bodily injuries, further trauma and aggravation of cellutis in his foot and subsequent infection of his right foot.

15.    As a result of the injuries caused by the fall on Defendant's boat, the Plaintiff's decedent required extensive medical care, several surgical procedures including a lis-franc amputation on his right foot.

16. From June 18, 2002 until the decedent George Price's death on September 10, 2002, he remained either a patient at Mercy Hospital, Wilkes-Barre, Pennsylvania, John Heinz Institute, Wilkes-Barre, Pennsylvania or Mercy Hospice Center.

17. Plaintiff decedent's bodily injury and death were proximately caused by Defendant's negligence as will be hereinafter set forth.

18. Due to his fall on Defendant's boat, Plaintiff's decedent developed sepsis and progressed to chronic renal failure both of which conditions coupled with decedents pre-existing diabetic mellitus were determined as immediate causes of his death.

### IV. COUNT I

19. Plaintiff restates and incorporates herein with the same force and effect as if stated at length allegations one through eighteen.

20. Plaintiff seeks damages and recovery for wrongful death and survivor benefits due to the negligence of Defendant.

21. The negligence of the Defendant was the direct and proximate cause of injury and loss to Plaintiff's decedent, George Price arising from the fall on Defendant's boat on June 5, 2002 which negligence consisted of:

   A. Failure to have a safe means of egress and ingress from the outside deck of Defendant's boat to the Bayview Lounge area of the boat.

   B. Creating a raised sill below the door entrance to the Bayview Lounge which, as constructed, constituted a dangerous and hazardous condition to passengers for hire including George Price in traversing the area leading from the

outside deck to the door entrance to the Bayview Lounge.

  C. Failing to warn Plaintiff's decedent of the raised sill forming the entrance to the Bayview Lounge area and the hazard caused thereby.

  D. Failing to have in place signage or other means of alerting Plaintiff's decedent of the condition of the raised sill forming the entrance to the Bayview Lounge area of the boat.

  E. Failing to offer a safe means of entry into the area by passengers for hire including Plaintiff's decedent.

  F. Failing to provide a hand rail or other device to allow Plaintiff's decedent to balance himself while traversing the raised sill area beneath the door leading into the Bayview Lounge area of the boat.

  G. Failing to provide adequate personnel to oversee and assist the movement of passengers for hire including Plaintiff's decedent in traversing one area of the boat to another at critical locations where dangerous conditions exist including location in question.

22. At all times material, the Defendant was in full ownership, possession and control of the boat used by Plaintiff's decedent on June 5, 2002 and knew of the condition of the boat causing Plaintiff's decedent to fall and injure himself.

23. Plaintiff's decedent was a passenger for hire on the boat.

24. Defendant owed Plaintiff's decedent the highest duty of care to provide safe means of traversing the public areas of the boat and breached that duty.

25. At all times herein, Plaintiff's decedent exercised due care for his

safety while on Defendant's boat which was then and there on June 5, 2002 on navigable waterways under the jurisdiction of the United States.

26. The injury caused to Plaintiff's decedent by the negligence of Defendant consisted of multiple trauma to Plaintiff decedent's neck, arm, rib cage and feet leading to a re-infection of decedent's right foot and subsequent sepsis, renal failure, foot amputation and death on September 10, 2002.

27. As a result of Defendant's negligence and injury caused to Plaintiff's decedent, claim is hereby made for pain and suffering, loss of life's pleasures, loss of income and income/earning ability, costs of medical care and wrongful death.

28. Plaintiff as Executrix for Estate of George Price hereby seeks an award of damages against Defendant herein for all loss noted above.

WHEREFORE, Plaintiff seeks recovery against Defendant of a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest and costs.

## COUNT II

## LOSS OF CONSORTIUM

## JEAN PRICE

The Plaintiff, Jean Price, individually, as former spouse of George Price, deceased hereby seeks a claim on her own behalf for loss of consortium.

29. Plaintiff incorporates herein with the same force and effect as if states at length Paragraphs One through Twenty-Eight inclusive.

30. Solely as a result of the aforesaid action of the Defendant, the Plaintiff, Jean Price has been deprived of the comfort, companionship, services and assistance of her husband, George Price and will be so deprived for an indefinite

time in the future and seeks damages for same.

WHEREFORE, the Plaintiff, Jean Price, demands judgment on her behalf and against the Defendant in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest and costs.

Respectfully submitted,

_____
**JOSEPH M. BLAZOSEK, ESQUIRE**
**Attorney for Plaintiff, Jean Price**
**I. D. # 33830**
**225 Wyoming Avenue**
**West Pittston, Pennsylvania  18643**
**Phone:  (570) 655-4410**