IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEAN PRICE, individually and as Executrix of the Estate of George Price, deceased:<br><br>Plaintiff,<br><br>v.<br><br>DELAWARE RIVER AND BAY AUTHORITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-cv-338 (SLR)<br>)<br>)<br>)    JURY TRIAL DEMANDED<br>) |

## ANSWER OF DEFENDANT, DELAWARE RIVER AND BAY AUTHORITY TO COMPLAINT

Defendant, Delaware River and Bay Authority (hereinafter "DRBA"), by and through its counsel, Rosenthal, Monhait, Gross & Goddess, P.A., hereby answers Plaintiff's Complaint as follows:

### I. PARTIES

1.      Admitted, upon information and belief.

2.      Admitted, upon information and belief.

3.      Admitted in part, denied in part.  Answering Defendant is a bi-state government agency created by a compact between the states of Delaware and New Jersey.  The remaining averments are admitted.

### II. JURISDICTION AND VENUE

4.      Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required.

5.      Denied.  The allegations contained in this paragraph are conclusions of law to which

no response is required.

      6.     Admitted in part, denied in part. It is admitted only that Answering Defendant is a bi-state government agency created by a compact between the states of Delaware and New Jersey pursuant to 17 Del. C. § 1701 et. seq. and N.J.S.A. 32:11E-1 et. seq. It is further admitted, upon information and belief, that the Plaintiff and Plaintiff's decedent were residents of the State of Pennsylvania. The remaining averments in this paragraph are conclusions of law to which no response is required.

      7.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required.

      8.     Answering Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the matters contained in this paragraph, and, therefore, same are denied and strict proof is demanded at trial.

      9.     Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. To the extent that any averments of this paragraph are deemed factual in nature, it is admitted that Answering Defendant maintains a principal place of business in the state of Delaware and that the alleged accident occurred in navigable waters of the United States.

      10.     Admitted in part, denied in part. Upon information and belief, it is admitted that Jean and George Price were customers on the ferry, M/V CAPE MAY, on June 5, 2002. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

      11.     Admitted in part, denied in part. Upon information and belief, it is admitted that Jean

2

and George Price were customers on the ferry, M/V CAPE MAY, on June 5, 2002. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

12.    Admitted in part, denied in part. Upon information and belief, Jean and George Price were customers on the ferry, M/V CAPE MAY, on June 5, 2002, and boarded the ferry in Lewes, Delaware. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

13.    Admitted in part, denied in part. It is admitted only that on June 5, 2002, Jean and George Price were lawfully on the ferry M/V CAPE MAY, which was located in navigable waters of the United States. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

14.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and therefore, same are denied and strict proof thereof is demanded at trial.

15.    Denied. It is specifically denied that the listed injuries in this paragraph were caused by any accident on the M/V CAPE MAY on June 5, 2002, and strict proof of same is demanded at trial.

16.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and,

3

therefore, same are denied and strict proof thereof is demanded at trial.

17.    Denied. It is specifically denied that Answering Defendant was negligent in any matter whatsoever or that Plaintiff decedent's bodily injury and death were proximately caused by any accident on the M/V CAPE MAY, and strict proof of same is demanded at trial.

18.    Denied. It is specifically denied that the listed injuries in this paragraph were caused by any accident on the M/V CAPE MAY on June 5, 2002, and strict proof of same is demanded at trial.

## IV. COUNT I

19.    Answering Defendant incorporates by reference paragraphs 1 through 18 of its Answer as if fully set forth herein at length.

20.    Denied. It is specifically denied that Answering Defendant was negligent in any matter whatsoever and strict proof of same is demanded at trial.

21.    Denied. It is specifically denied that Answering Defendant was negligent in any matter whatsoever and strict proof of same is demanded at trial. It is further denied that the claimed injury and death to Plaintiff's decedent were caused by any accident on the M/V CAPE MAY on June 5, 2002, and strict proof of same is demanded at trial.

22.    Admitted in part, denied in part. It is admitted only that, at all material times, Answering Defendant was the owner and operator of the ferry M/V CAPE MAY which operates between Lewes, Delaware and Cape May, New Jersey. It is specifically denied that, at all material times, any defective condition existed on the vessel and strict proof of same is demanded at trial.

23.    Admitted, upon information and belief.

24.    Denied.  The averments of this paragraph state conclusions of law to which no

4

response is required.

25.    Denied. The averments of this paragraph state conclusions of law to which no response is required. To the extent that any averments in this paragraph are deemed factual in nature, it is specifically denied that Plaintiff's decedent exercised due care for his own safety and strict proof of same is demanded at trial.

26.    Denied. It is specifically denied that Answering Defendant was negligent in any manner whatsoever and strict proof of same is demanded at trial. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

27.    Denied. It is specifically denied that Answering Defendant was negligent in any manner whatsoever and strict proof of same is demanded at trial. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendant, Delaware River and Bay Authority, demands judgment in its favor and against Plaintiffs, together with interest, costs, attorneys' fees and such other and further relief as may be appropriate under the circumstances.

## COUNT II

## LOSS OF CONSORTIUM

### JEAN PRICE

29.    Answering Defendant incorporates by reference paragraphs 1 through 28 of its Answer as if fully set forth herein at length.

30.    Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, same are denied and strict proof thereof is demanded at trial.

WHEREFORE, Defendant, Delaware River and Bay Authority, demands judgment in its favor and against Plaintiffs, together with interest, costs, attorneys' fees and such other and further relief as may be appropriate under the circumstances.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

2.    Defendant claims all of the defenses contained in the passenger ticket contract, including, but not limited to, the failure of Plaintiff to file this lawsuit within one year from the day when the alleged bodily injury occurred. (Exhibit "A").

3.    Plaintiff fails to state a claim upon which relief can be granted.

4.    The injuries and/or damages of Plaintiff and her decedent were proximately caused by other parties, named and unnamed, over whom Answering Defendant had no responsibility or control.

5.    Plaintiff's decedent, George Price, assumed the risk of his injuries, if any.

6.    Plaintiff and her decedent failed to mitigate their damages, if any.

6

7.     Plaintiff's decedent, George Price's injuries and/or damages, if any, were proximately caused by his own contributory and/or comparative negligence in failing to act as a reasonably prudent person would have acted under the same or similar circumstances.

8.     Plaintiffs' decedent, George Price's injuries and/or damages, if any, were proximately caused by prior, subsequent and/or other medical conditions which are not related to the alleged accident which is the subject of this lawsuit.

9.     At all material times, Answering Defendant complied with all applicable standards of law, regulations and statues.

10.     None of the losses sustained by Plaintiff and her decedent resulted from any act or failure to act on the part of Answering Defendant.

11.     Answering Defendant owed and breached no duty which may have been owed to the Plaintiffs or her decedent.

12.     It is specifically denied that Answering Defendant was negligent, or that the vessel M/V CAPE MAY was unseaworthy in any manner whatsoever.

13.     Defendant asserts its statutory right to exoneration from or limitation of liability pursuant to 46 U.S.C. § 181 et seq., commonly known as the Limitation of Liability Act.

14.     Defendant asserts its statutory right to sovereign immunity under the Delaware Tort Claims Act.

15.     Defendant claims all the defenses available under general maritime law and/or Delaware state law.

16.     Plaintiff, Jean Price is not entitled to collect damages as a result of loss of consortium.

WHEREFORE, Defendant, Delaware River and Bay Authority, demands judgment in its favor and against Plaintiffs, together with interest, costs, attorneys' fees and such other and further relief as may be appropriate under the circumstances.

ROSENTHAL, MONHAIT, GROSS
& GODDESS, P.A.


By: /s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
Citizens Bank Center
919 N. Market Street, Suite 1401
Wilmington, DE 19899-1070
(302) 656-4433
ckeener@rmgglaw.com
    Attorneys for Defendant, Delaware
    River and Bay Authority



OF COUNSEL:

Mary Elisa Reeves, Esquire
Susan Wiener, Esquire
Donna Adelsberger & Associates, P.C.
6 Royal Avenue
P.O. Box 530
Glenside, PA  19038-0530

## CERTIFICATE OF SERVICE

I, Carmella P. Keener, hereby certify that on this 16th day of August, 2005, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

notification of such filing to the following:

John S. Malik, Esquire
John S. Malik, Attorney at Law
100 E. 14th Street
Wilmington, DE 19801

/s/ Carmella P. Keener
Carmella P. Keener (DSBA No. 2810)
Rosenthal, Monhait, Gross & Goddess, P.A.
919 N. Market Street, Suite 1401
Wilmington, DE 19801
(302) 656-4433
ckeener@rmgglaw.com